**PRENOVOST, NORMANDIN, BERGH & DAWE**
A Professional Corporation
THOMAS J. PRENOVOST, JR., SBN 77813
KAREL ROCHA, SBN 212413
krocha@pnbd.com
2122 North Broadway, Suite 200
Santa Ana, California 92706-2614
Phone No.:    (714) 547-2444
Fax No.:      (714) 835-2889

Attorneys for LBS FINANCIAL CREDIT UNION

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>HOWARD IRVING NAPOLSKE,<br><br>Debtor. | Case No. 1:15-bk-10763-VK<br><br>Chapter 7<br><br>**STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>The Hon. Victoria Kaufman |

The parties hereto, secured creditor LBS FINANCIAL CREDIT UNION ("LBS") and Debtor HOWARD IRVING NAPOLSKE ("Debtor"), agree and stipulate as follows:

1.    LBS is a secured creditor of the Debtor pursuant to a Note, Consumer Credit Disclosure Statement, and Security Agreement (the "Contract") executed on June 4, 2008, by Howard Irving Napolske, for the purchase of a 2007 Chapparal 350 SIG, VIN: FGBJ0464K607 (referred to as the "Vessel"). A true and correct copy of the Contract is attached hereto as **Exhibit "1"** and incorporated herein by this reference.

/ / /

/ / /

2. A copy of the DMV Registration Inquiry Report showing legal ownership of the Vessel by Debtor and evidencing LBS' security interest in the Vessel is attached hereto as **Exhibit "2"** and incorporated herein by this reference.

3. The Debtor filed the within Petition for relief under Chapter 7 of the Bankruptcy Code bearing case number, 1:15-bk-10763-VK, on March 6, 2015.

4. This Stipulation will allow for immediate relief from automatic stay and the repossession and sale of the Vessel in the event Debtor fails to abide by the payment terms set forth below.

WHEREAS, the Parties desire to clarify any uncertainty about LBS' ability to proceed with the recovery and sale of the Vessel as follows:

NOW THEREFORE, it is stipulated and agreed by and among the Parties as follows:

1. Debtor and LBS stipulate that the automatic stay be lifted effective immediately;

2. Debtor and LBS stipulate that in order to avoid repossession, commencing September 6, 2016, Debtor shall make a payment in the amount of $500.00 and every Monday thereafter for the next 16 weeks (total of 17 payments - $8,500.00). Debtor will be offered a 3-day grace period for payment to be made to LBS for these payments only;

3. After completion of the $500.00 payments, Debtor will resume paying $1,532.16 on the 10th day of each month until the loan is paid in full (total amount due as of September, 2016, is $8,500.00);

4. Effective upon entry of the Order pursuant to this Stipulation, the Automatic Stay Order of 11 U.S.C. Section 362(a) issued upon the filing of the Debtors' Chapter 7 Petition is terminated to permit secured creditor LBS to proceed with the sale of the Vessel in accordance with applicable state law in the event of default in payments;

///
///
///
///
///

1       5.    Debtor and LBS agree to waive the 14-day stay provided by Bankruptcy Rule 4001(a)(3).

DATED: September 15, 2016    PRENOVOST, NORMANDIN, BERGH & DAWE
A Professional Corporation

By: _____
KAREL ROCHA, Attorneys for LBS FINANCIAL CREDIT UNION

DATED: 9-14-16

By: _____
HOWARD IRVING NAPOLSKE
Debtor

PRENOVOST, NORMANDIN, BERGH & DAWE
A Professional Corporation
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2614
Tel (714) 547-2444 • Fax (714) 855-2889

# EXHIBIT "1"

 **LBS FINANCIAL Credit Union**

Mail:
P.O. Box 4860, Long Beach, California 90804-0860
5505 Garden Grove Blvd., Westminster, CA 92683
562.598.9007 or 714.893.5111

In this Note, Consumer Credit Disclosure Statement and Security Agreement ("Note"), the words I, Me, and My mean each and all of those who sign below, endorse, or negotiate the check(s). The words You, Your, and Yours mean LBS FINANCIAL CREDIT UNION.

## NOTE, CONSUMER CREDIT DISCLOSURE STATEMENT, AND SECURITY AGREEMENT
See Security Agreement On Page # 2 Of this Form
### CONSUMER CREDIT DISCLOSURE STATEMENT

| BORROWER'S NAME AND ADDRESS | APP# | ADDITIONAL BORROWER(S) NAME(S) |
|---|---|---|
| HOWARD NAPOLSKE<br>26748 PROVINCE DRIVE<br><br>CALABASAS    CA  91302 | 257765 | |

| ACCOUNT NUMBER | SUFFIX | NOTE NUMBER | DATE OF THIS LOAN |
|---|---|---|---|
|  |  |  | 04JUN2008 |

| ANNUAL PERCENTAGE RATE<br>The cost of my credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost me | AMOUNT FINANCED<br>The amount of credit provided to me on my behalf. | TOTAL OF PAYMENTS<br>The amount I will have paid after I have made all payments as scheduled. |
|---|---|---|---|
| 7.99 % | $ 184697.75 | $ 183000.00 | $ 367697.75 |

My payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due | | |
|---|---|---|---|---|
| 239 | $ 1532.16 | Payments due MONTHLY | Beginning | 07/10/2008 |
| 1 | $ 1511.51 | | Final Payment Due | 06/10/2028 |

Insurance: I may obtain property insurance from anyone I want that is acceptable to you. Collateral securing other loans may also secure this loan.

Credit Life and Credit Disability Insurance is voluntary and not a condition for approval of the loan.
I request credit life insurance at a total cost of $ 0.00     (e) for a term of  0    months, credit disability insurance at a total cost of $ 0.00     (e) for a term of  0    months for a total cost of credit related insurance of $ 0.00     (e). HN
BORROWER(S) INITIALS

Required Deposit: The Annual Percentage Rate does not take into account my required deposit, if any. Security Agreement: If I am giving you a security interest in personal property (see below), I understand and agree that it will cover the property described below. I understand that my loan is also secured by any insurance proceeds or any insurance premium refunds. I also understand and agree to the additional terms on page # 2.

### COLLATERAL SECURING THIS LOAN

| VEHICLE DESCRIPTION | | OTHER COLLATERAL |
|---|---|---|
| 2007  CHAPARRAL 350 SIG | VIN/SN: FGBJ0464K607<br>VIN/SN:<br>VIN/SN: | - |

Filing Fees $
Late Charge: If a payment is late, I may be charged 20% of the interest due.
Prepayment: If I pay off early, I will not have to pay a penalty.
See my contract documents for any additional information about nonpayment, default, cross default, any required repayment in full before the scheduled date. "e" means estimate

| Itemization of<br>the Amount Financed: $ 183000.00 | to | to |
|---|---|---|
| Amount Refinanced<br>on This Account: | to | to |
| $ 183000.00  to  SUN COUNTRY MARINE | to | to |
| to | to | to |
| to | to | to |

Trace No.  251    **NOTE AND SECURITY AGREEMENT**    TRF Source:    P/R No.

Promise to Pay: To repay my loan, I jointly and severally, promise to pay you or to your order, the "Total of Payments" (shown above), in lawful money of the United States. I will pay this sum to you as set forth in the payment schedule (shown above). Payments will continue until I have paid in full the Amount Financed, FINANCE CHARGES and any other charges.
I understand that each payment is applied first to collection and late charges, if any, and other charges, if any, then to FINANCE CHARGES and then to the Amount Financed.
Cross Collateralization: I understand and agree that the security listed above (and any and all proceeds thereof and all insurance proceeds and insurance premium refunds) shall secure this Loan and all funds advanced under this Note as well as any and all other loan or line of credit accounts I now have with you or obtain in the future with you.
In addition, any personal property (and any and all proceeds thereof and all insurance proceeds and insurance premium refunds) securing other loans or line of credit accounts I now have with you or obtain in the future with you will also secure all funds advanced by you under this Loan.
If there is more than one borrower, I agree that all the conditions of the note and security agreements governing this loan shall apply to both jointly and severally.
This Cross Collateralization Agreement shall not apply to any loan secured by real property, any property used as my dwelling or when otherwise prohibited by Federal or State law or regulation. I understand that by endorsing the proceeds check, I agree to make and be bound by this Note, Consumer Credit Disclosure Statement and Security Agreement including the terms and conditions on the reverse side of this document, I acknowledge that I have read this entire agreement and have received a copy.
NOTICE: SEE PAGE # 2 FOR ADDITIONAL TERMS OF NOTE AND SECURITY AGREEMENT.

X _____    X _____
SIGNATURE    SIGNATURE

94-61 10 USR F.44644 Rev. 11/98    Page 1    Revised 08/31/2004

**ADDITIONAL TERMS**
**PAYMENTS, REPAYMENTS OR IRREGULAR PAYMENTS:** I promise to pay you in United States Dollars at your address the amount shown on the page # 1 of this Agreement as Amount Financed, plus the applicable FINANCE CHARGES (Interest). The terms of repayment are disclosed on the reverse side of this Agreement. Payments will be first applied to collection costs, late charges and other charges, if any, then to the FINANCE CHARGES owing and then to the unpaid balance. The FINANCE CHARGE is computed by multiplying the unpaid daily balance by the daily periodic rate, which corresponds to the Annual Percentage Rate disclosed on the reverse side of this Agreement. I understand that all payments are due on their due date regardless of previous payments made in excess of the amount due.
Though I need only pay the fixed installments, I understand I have the right to repay my entire loan at any time without penalty. I also understand I will only be charged FINANCE CHARGES to the date I repay my entire loan. I may make larger payments without penalty and this may reduce the total amount of FINANCE CHARGES I will pay. Any partial payment of my loan will not delay my next scheduled due date(s). I understand any payment that (a) delays or (b) accelerates the reduction of my loan balance will (a) increase or (b) decrease my FINANCE CHARGE.
**ACCELERATION:** If I default, you may demand payment of the unpaid balance, FINANCE CHARGES, late charges, any other charges and collection costs, if any. I understand that FINANCE CHARGES will continue to accrue until I repay my entire loan.
**LAST PAYMENT:** I give you permission to deposit the excess of my last payment, if any, to my share savings account.
**DEFAULT:** I will be in default if: 1) I do not pay my installments on time; 2) I fail to live up to any of the terms and conditions of this Note and Security Agreement or any other agreement I make with you regarding this Loan; 3) my creditworthiness is impaired; 4) the value of the collateral is impaired; 5) I die, become insolvent or am the subject of bankruptcy or receivership proceedings; or 6) there is a change of ownership of all or any part of the collateral. If I am in default, you may terminate this Note and Security Agreement or any other agreement I make with you regarding this Loan and demand immediate payment of my entire loan. I understand that FINANCE CHARGES at the Annual Percentage Rate shown on the reverse will continue to accrue until I repay my entire loan. I also agree to pay your collection costs, attorneys' fees, court costs and any other costs.
The ANNUAL PERCENTAGE RATE (APR) set out in the loan agreement and security agreement or any other agreement I make with you regarding this Loan shall remain chargeable after any breach of this contract. You may accept late payments or partial payments without losing any rights under this Agreement.
**ELECTRONIC TRACKING DEVICES:** If my vehicle has an electronic tracking device, I agree that you may use the device to find the vehicle.
**CROSS DEFAULT:** I understand and agree that my default of the terms and conditions of this loan or any other agreement I make with you regarding this Loan shall be deemed to be a default of any and all other Loan or Line of Credit Accounts I now have with you or obtain in the future with you. Further, I understand and agree that my default of the terms and conditions of any other Loan or Line of Credit Accounts I now have with you or obtain in the future with you shall be deemed to be a default of the terms and conditions of this loan. The "Cross Default" Agreement shall not apply to any Loan or Line of Credit Account Agreement secured by real property, property used as my dwelling or where otherwise prohibited by Federal or State law or regulation.
**LATE CHARGE:** You may impose a Late Charge on delinquent loan payments, if disclosed in the Truth-in-Lending Disclosure on the reverse.
**LIEN ON SHARES:** If I am in default, you may apply all shares (except IRA Accounts) and earning on shares in which I have an ownership now and in the future, regardless of the source of the funds, needed by you to repay my loan in accordance with Credit Union law and your bylaws.
**APPLICATION:** I certify that all information, oral, electronic or written, made to you in applying for this loan, is true, accurate and complete.
**NOTICE OF CHANGE:** I agree to notify you promptly each time there is a change in my name, address, employment or any conditions that may affect my ability to repay my obligation to you.
**CURRENT INFORMATION:** I agree to provide you with a current financial statement or other credit-related information any time you request.
**COLLECTION COSTS:** If I am in default and you demand full payment, I understand that I will be charged a FINANCE CHARGE on the unpaid Amount Financed until I repay the loan. I also agree to pay late charges, your collection costs, reasonable attorney's fees, court costs and any other costs.
**DELAY IN ENFORCEMENT:** You can delay enforcing any of your rights under this agreement without losing them.
**PARTIAL INVALIDITY:** I agree that should any part of this agreement be found invalid, it will in no way affect the remainder of the Agreement.
**GOVERNING LAW:** I understand and agree that this Note is made in California and shall be governed by the laws of the State of California to the extent that California law is not inconsistent with controlling Federal law. I also understand that California's choice of law rules shall not be applied if that would result in the application of non-California law.
**LIABILITY OF PARTIES:** Each person who signs this agreement is a Maker and agrees to be individually and jointly obligated to repay my loan in accordance with the terms and conditions of this Note and Security Agreement.
**FEDERAL DISCLOSURE STATEMENT:** The terms and conditions of the Federal Disclosure Statement are incorporated herein by reference.

**ADDITIONAL SECURITY AGREEMENT TERMS**
If I am giving you a security interest in personal property (see reverse), my loan is also subject to the following additional terms.
**FUTURE ADVANCES:** I understand that the Security Agreement will secure any future advances made by you and under any other Loan, Lines of Credit and Credit Card Accounts I may have with you now or in the future (except any Loan or Line of Credit Agreement secured by real property, property used as my dwelling or where otherwise prohibited by Federal or state law or regulation). Any future advances will be added to the Amount Financed of the loan and will accrue FINANCE CHARGES at the ANNUAL PERCENTAGE RATE shown on the reverse. The term "future advances" includes but is not limited to: money advanced to me; money advanced to third parties at my direction; and costs, fees, or other monies advanced by you to protect your interest in the security.
**STATUS OF SECURED PROPERTY:** Upon payment to any seller or lienholder from the proceeds of this Note, I promise that I own the security and that there are no liens or any other claims against the security other than yours. I agree not to sell or lease the security, or give it as security to anyone else, until the loan has been paid in full. If this Note's proceeds are utilized to purchase the security, I understand and agree that it is my sole obligation (and not yours) to ensure that each and every seller and lienholder of the security is paid and all liens released, and to provide you with clear title to the security.
**PROPERTY INSURANCE (Other than Shares):** I promise to maintain property insurance until the loan is paid in full, naming you as the Loss Payee and fully insuring the security described in the Federal Disclosure Statement on the page # 1 against loss by fire, theft, and collision coverage with a deductible stated in the "Agreement to Provide Insurance." I may provide the required property insurance through an existing policy or by a policy I independently obtain and pay for from a person of my own choosing. I agree to deliver a copy of the insurance policy to you. If I do not get or keep this insurance, you may obtain this insurance and add its cost to my loan, or you may declare the Note and Security Agreement in default. If you obtain such insurance, I agree that you may add its cost to my loan and I also agree that my payments (as disclosed in the Payment Schedule on page # 1) may be increased to pay for such insurance during the term of insurance. Any amount spent for such insurance will be added to the Amount Financed of the loan and will accrue FINANCE CHARGES at the ANNUAL PERCENTAGE RATE shown on the reverse side until paid.
**PRESERVATION OF SECURITY (Other than shares):** I promise to take good care of the security and to pay all taxes and liens upon it. I also agree to perform all acts which you deem necessary to make your security interest enforceable. I also agree to inform you immediately if the security is to be moved from my address listed on the reverse side. I will not take the security out of the state of my residence for more than 30 days without your written consent. I will not use the security for any unlawful purpose or hire. I further agree not to allow any liens to exist against it other than yours, and I agree to pay the costs of protecting the security, including reasonable attorney's fees. You may add the cost of any advance required by you to preserve the security as described in this section and I agree that my payments (as disclosed in the payment schedule on page # 1) may be increased to pay for such advances during the term of this loan. I understand that if I do not do these things, the Note and Security Agreement will be in default.
**MOTOR VEHICLE-SECURED LOANS:** I certify that the vehicle pledged as security for this loan is not and has never been a "Lemon Law Buyback" and/or "Salvage" title vehicle.
**SHARES AS SECURITY:** If Shares are pledged as security for this loan, then I understand and agree that I must keep a sum equal to my unpaid balance on deposit with you until I repay my entire loan.
**DEFAULT:** If I am in default or fail to comply with any other provision of this Agreement or any other agreement I made with you regarding this loan, you may demand immediate payment of my entire loan. I understand and agree that you also have other rights, including the right without prior notice to me, to retake the security and after giving notice of the sale as required by law, to sell the security in a reasonable manner. I understand and agree that if the amount you receive at the sale does not pay my unpaid balance, FINANCE CHARGES, late charges and the costs of protecting, retaking, repainting, reconditioning, storing and selling the security and collection costs, reasonable attorney's fees, court costs or any other costs, that I agree to pay any remaining amount as permitted by law. I understand that you have certain rights and remedies available to you under the Uniform Commercial Code and other laws, and that you may use these rights to enforce payment if I default. I will, at your request, make the collateral available to you at a place of your choice. If you decide to waive a default, it will not be a waiver of any other defaults.
**NOTICES:** You may meet all requirements for sending me a notice of any kind if you send it to me by United States mail, sent to my last address on file with the Credit Union.
**AGENCY AUTHORIZATION:** You are appointed as my Attorney-in-Fact to perform any acts which you believe are necessary to protect the collateral and the security interest this Agreement creates.
**BINDING ON REPRESENTATIVES:** This Security Agreement not only binds me, but my executors, heirs, administrators, and assignees.

Page 2

# EXHIBIT "2"

```
===============================================================================
Computerized Vehicle Registration                              Inquiry Report
===============================================================================
                    Vehicle Registration Inquiry Report        71042051
*******************************************************************************
     Notice: DMV info use subject to DMV Commercial Requester Account agreement
*******************************************************************************
         Reference:                              Date: 08/31/2016
         Requested: FGBJ0464K607                 Time: 12:04:09 PM
            Reason: Miscellaneous/Other       User ID: JF
---------------------------- REGISTERED OWNER INFO ----------------------------
              NAME: NAPOLSKE HOWARD
           ADDRESS: 1507 SEABRIDGE LN

              CITY: OXNARD                      STATE: CA
            COUNTY: VENTURA
          ZIP CODE: 93035
-------------------------- LEGAL OWNER (LIENHOLDER) INFO ----------------------
              NAME: LBS FNCL CU
           ADDRESS: PO BX 4860

              CITY: LONG BEACH                  STATE: CA
          ZIP CODE: 90804
-------------------------------- VEHICLE INFO ---------------------------------
           EXPIRES: 12/31/17                      VLF: FA
               VIN: FGBJ0464K607                 TYPE: V1:Unknown
           LICENSE: 2578RS                  ENGINE NO:
          YR MODEL: 2007                       WEIGHT:
           YR SOLD: 06/29/08                     AXLE:
            * YEAR: 2006                         FUEL: G
         BODY TYPE: VESSEL                   VEH TYPE: 82
          EQUIP NO:                           HULL NO: PN03700
              MAKE: CHAPARRAL                SUP PLATE:
-------------------------------------------------------------------------------
      Date of latest Registration Card Issuance: 01/02/2016
   Date of latest Ownership Certificate Issuance: 12/18/2008
------------------------------- RECORD STATUS ---------------------------------
LIENHOLDER PAPERLESS TITLE   L67081218
NO MAILING ADDRESS


======================== Fee Calculation Report ===============================
 Transaction: Purchase/Trade in of Used Vehicle
Fee based on VENTURA County.
-------------------------------------------------------------------------------
***************************** NOTICE ******************************************
    FEE ESTIMATE based on DMV-supplied data and disregards any title transfer
           taking place or other specific credits or charges.
*******************************************************************************
NO FEES CURRENTLY DUE IN 75 DAYS


-------------------------------------------------------------------------------
* Fee Calculations include all changes as of 1/1/2016
---------------------------- End of DMVLINK Printout ---------------- V.3 ---
```

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2122 N. Broadway, Suite 200, Santa Ana, CA 92706

A true and correct copy of the foregoing document entitled (*specify*): Stipulation for Relief from the Automatic Stay will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 16, 2016 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Interested Party:  Robert Robert Abiri     rabiri@abiriszeto.com
Interested Party:  Michael W Davis     mdavis@brutzkusgubner.com, ecf@brutzkusgubner.com
Attorney for Debtor:  Heidi Hohler     hhohler@aol.com
Attorney for Daimler Trust:  Sheryl K Ith     sith@cookseylaw.com, sith@ecf.courtdrive.com
Interested Party:  Lloyd S Mann     lmann@mannzarpas.com
Attorney for Porsche Financial Services, Inc.:  Stacey A Miller     smiller@tharpe-howell.com
United States Trustee (SV)     ustpregion16.wh.ecf@usdoj.gov
Chapter 7 Trustee:  Diane Weil (TR)     dcw@dcweillaw.com, dweil@ecf.epiqsystems.com
Attorney for Daimler Trust:  Cheryle R Williams     notices@bkservicing.com
☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) September 16, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Howard Irving Napolske
21704 Devonshire #127
Chatsworth, CA 91311

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) September 16, 2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Victoria S. Kaufman
United States Bankruptcy Court
21041 Burbank Blvd.
Woodland Hills, CA 91367

Courtesy Copy, Bin on 1st Floor Outside Entry
to Intake Section

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 16, 2016 | Stephanie Richards | *Stephanie Richards* |
|---|---|---|
| Date | Printed Name | Signature |

---

8381.2305 / 1426966.1 This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                              **F 9013-3.1.PROOF.SERVICE**